FILED

JUL 1 0 2014

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 2:14cr 407-MHT |
| | ) [21 U.S.C. § 841(a)(1); |
| | ) 21 U.S.C. § 843(b); |
| | ) 18 U.S.C. § 922(g)(1); |
| | ) 18 U.S.C. § 924(c)(1)(A)(i)] |
| JOSEPH IRWIN WESTERLUND | ) |
| | ) |
| | ) INDICTMENT |

The Grand Jury charges:

## COUNT 1

On or about May 29, 2014, in Montgomery County, within the Middle District of Alabama,

### JOSEPH IRWIN WESTERLUND,

defendant herein, did knowingly and intentionally possess with intent to distribute a mixture and

substance containing a detectable amount of methamphetamine, a Schedule II controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 2

On or about May 29, 2014, in Montgomery County, within the Middle District of Alabama,

### JOSEPH IRWIN WESTERLUND,

defendant herein, did knowingly and intentionally use any communication facility, to-wit: the

United States mail in Montgomery County within the Middle District of Alabama, in facilitating

the commission of any act or acts constituting a felony under Title 21, United States Code,

Section 841(a)(1), that is, the offense set forth in Count 1 of this indictment, incorporated by

reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT 3

On or about May 29, 2014, in Montgomery County, within the Middle District of Alabama,

### JOSEPH IRWIN WESTERLUND,

defendant herein, having been convicted of a felony offense, a crime punishable by imprisonment

for a term exceeding one year, to-wit:

1)    On or about February 22, 2003, Possession of Marijuana for Sale, in San Ysidro, California, case number CS174431;

did knowingly possess in and affecting commerce a firearm, to-wit: a Sig Arms 9mm pistol, a

better description of which is unknown to the Grand Jury, in violation of Title 18, United States

Code, Section 922(g)(1).

## COUNT 4

On or about May 29, 2014, in Montgomery County, within the Middle District of Alabama,

### JOSEPH IRWIN WESTERLUND,

defendant herein, knowingly used and carried a firearm during and in relation to, and possessed a

firearm in furtherance of, a drug trafficking crime for which he may be prosecuted in a Court of

the United States, to wit: possession with intent to distribute methamphetamine, as charged in

Count 1 of this Indictment.    All in violation of Title 18, United States Code, Section

924(c)(1)(A)(i).

## FORFEITURE ALLEGATION - 1
[Drug Proceeds/Facilitation]

A.    The allegations contained in Counts 1 and 2 of this Indictment are hereby realleged

and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United

States Code, Section 853.

2

B.     Upon conviction of the offenses in violation of Title 21, United States Code, Section 841(a)(1) or 843(b), set forth in Counts 1 and 2 of this Indictment, the defendant,

JOSEPH IRWIN WESTERLUND,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from proceeds the said defendant obtained, directly or indirectly, as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses. The property includes, but is not limited to: a Sig Arms 9mm pistol.

C.     If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to, or deposited with, a third party;

(3)     has been placed beyond the jurisdiction of the court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853.

## FORFEITURE ALLEGATION – 2
### [Firearms]

A.     The allegations contained in Counts 3 and 4 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United

3

States Code, Section 924(d)(1), and Title 28, United States Code, Section 246 (c).

B.    Upon conviction of the offenses in violation of Title 18, United States Code, Section 922(g)(1) or 924(c)(1)(A), set forth in Counts 3 and 4 of this Indictment, the defendant,

JOSEPH IRWIN WESTERLUND,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses. The property includes, but is not limited to: a Sig Arms 9mm pistol.

C.    If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to, or deposited with, a third party;

(3)    has been placed beyond the jurisdiction of the court;

(4)    has been substantially diminished in value; or

(5)    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

4

A TRUE BILL:

_____
Foreperson

GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

_____
Kevin P. Davidson
Assistant United States Attorney

_____
John J. Geer, III
Assistant United States Attorney

5